UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


DANIEL C. CADLE, Individually, and Derivatively
on behalf of the corporation and shareholders of iGate, Inc.                    PLAINTIFF


v.                                                                CIVIL ACTION NO. 3:07CV-70-S


WILLIAM J. JEFFERSON, et al.                                                   DEFENDANTS


## MEMORANDUM OPINION


This matter is before the court on renewed motion of the defendant Vernon L. Jackson to dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The Complaint alleges that Jackson, the President and sole officer of iGate, Inc., an Indiana corporation, acted in concert with former Congressman William J. Jefferson, Jefferson's family members, and various Jefferson family-controlled entities to mislead, harm, and defraud the plaintiff, Daniel C. Cadle and other shareholders of iGate, Inc. Compl., ¶ 1.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the

> misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

We find that the Complaint meets this standard. Therefore, the motion will be denied.

Jackson raises two grounds for dismissal of the Complaint.

First, he contends that the Complaint is deficient because Cadle purportedly failed to comply with prerequisites to initiation of a derivative suit, as required by Indiana corporations law. Specifically, Jackson contends that prior to filing suit, Cadle was required to

> (1) file a pre-suit demand on iGate's Board of Directors requesting that the Company bring this action directly,
>
> (2) grant iGate its statutory right to appoint a committee of disinterested directors or persons, and
>
> (3) allege with particularity why he did not make the demand as required by Indiana law.

DN 4-2, p. 1-2.

Second, Jackson asserts that Cadle failed to join iGate as a necessary party under Fed.R.Civ.P. 19, and that this failure is thus fatal to Cadle's case.

The court will address these arguments *seriatim*.

### I. Demand on the Board of Directors

Jackson's proposes that Cadle was required to make a pre-suit demand in order to permit iGate an opportunity to appoint a committee of disinterested directors. This proposition is incorrect. The traditional principle of demand futility remains alive and well under Indiana's Business Corporation Law ("BCL") as interpreted by the Supreme Court of Indiana.

Ind.Code Ann. § 23-1-32-2 (West 2005), the demand provision, states, in pertinent part:

> A complaint in a proceeding brought in the right of a corporation must be verified and allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why the shareholder did not make the demand.

Indiana law requires that potential derivative plaintiffs make a demand on the board of directors that it pursue the potential claims, unless such demand would be futile. As articulated in *In re ITT Derivative Litigation*, 932 N.E.2d 664, 668 (Ind. 2010),

> To excuse demand, a court must determine whether the particularized factual allegations create a reasonable doubt that the board could have properly exercised disinterested business judgment in responding to a demand . *Rales [v. Blasband*, 634 A.2d 927 (Del. 1993)] at 934. A director is "interested" for demand futility purposes if a derivative claim poses a significant risk of personal liability for the director. *Id.* at 936..."a substantial likelihood" of liability for the director. *Id.*...To establish personal liability for a director, the plaintiff must plead particularized facts that the director engaged in "willful or reckless misconduct." Ind.Code § 23-1-35-1(e)(2). This liability standard adopted by the BCL served to narrow the bases for director liability.

Cadle alleges in the Complaint that

> Following the discovery of the aforementioned bribery scheme involving Congressman Jefferson and Jackson, as well as an FBI investigation into the same, Jackson has pled guilty to numerous charges related to his involvement and was sentenced to in excess of seven years by the United States District Court for the Eastern District of Virginia in September, 2006. At approximately the same time, iGate ceased its operations, closed its headquarters in Louisville, Kentucky and furloughed all of its employees. Moreover, as set forth with more specificity above, Jackson, the CEO and President of iGate and the person with decisionmaking control over the company, was complicit with the other Defendants with respect to the fraud and conspiracy claims alleged herein. As a result, Cadle has not made a demand on iGate to bring the claims asserted herein in the name of the corporation because such demand would be patently futile.

The Complaint is replete with allegations of bribery, fraud and embezzlement which culminated in Jackson's conviction on criminal charges. Cadle articulated with particularity the basis for his

assertion that a demand for action from the iGate Board of Directors, which consisted of Jackson alone, would have been futile.

Jackson cites *In re Guidant Shareholders Derivative Litigation*, 814 N.E.2d 571, 576 (Ind. 2006) for the proposition that "a pre-suit demand cannot be futile unless a demand is made and no committee was appointed; or, a committee was appointed; and that committee was either not disinterested or its decision was not undertaken in good faith." DN 12, p. 3. However, *In re Guidant* does not so hold. The BCL provides for the formation of a disinterested committee, but does not mandate it. Ind.Code Ann. 23-1-32-4 (West 2005). Rather, the court stated that "We think the doctrine of futility is sufficiently implanted in the interpretation and operation of Indiana corporate law that we should not deem it cast aside by indirect statutory hint...Though the General Assembly has amended other parts of the BCL since 1991, it has left the demand statute unchanged." *In re Giudant*, 841 N.E.2d at 574.

Both *In re Guidant* and *In re ITT* clearly indicate that demand futility and disinterested committee evaluations are separate and distinct. One does not implicate the other. *See, ie. In re Guidant* stating:

> Once a corporation establishes a disinterested committee **(which it can do even after a suit is filed without a demand according to section 23-1-32-2)** *demand futility is no longer an issue.* There is no need at that point for a court to determine if a demand would be futile on traditional grounds, for example, such as when a majority of the board of directors have an interest in the transaction.

841 N.E. 2d at 575(Emphasis ours); *accord, In re ITT, supra.*, (distinguishing between the "demand excused" and "demand refused" scenarios).

The court finds that the argument that the Complaint fails to articulate the proper prerequisites to the filing of a derivative suit under Indiana law is without merit. Therefore, the motion to dismiss will be denied on this basis.

## II. Failure to Join iGate

Jackson urges that iGate is a necessary party because, under Indiana law, a corporation may indemnify an individual who is or was a director, under certain enumerated circumstances, against liability incurred. *See* Ind.Code Ann. § 23-1-37-8. Jackson cites no authority, under Fed.R.Civ.P. 19 or otherwise, establishing that a potential indemnity claim against iGate would render it a necessary party to this action.

> Fed.R.Civ.P. 19 provides:
>
> (1) ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (b) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

We have been shown none of these concerns in this case. Jackson remains free to join iGate as a third party or seek indemnity in a separate action in the event that Cadle recovers against him. This argument is without merit.

III.  Conclusion

For the reasons set forth herein, the motion of defendant Jackson will be denied. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

March 20, 2014

**Charles R. Simpson III, Senior Judge
United States District Court**