UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANIEL C. CADLE, Individually, and Derivatively
on behalf of the corporation and shareholders of iGate, Inc.                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:07CV-70-S

WILLIAM J. JEFFERSON, et al.                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the renewed motion of defendants William J. Jefferson, Andrea Jefferson, and the ANJ Group, LLC (collectively the "Jefferson defendants"), to dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The Complaint alleges that defendant Vernon L. Jackson, President and sole officer of iGate, Inc., an Indiana corporation, acted in concert with former Congressman William J. Jefferson, Jefferson's family members, and various Jefferson family-controlled entities to mislead, harm, and defraud the plaintiff, Daniel C. Cadle, and other shareholders of iGate, Inc. Compl., ¶ 1.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the

line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

The Jefferson defendants raise a number of grounds for dismissal of some or all of the claims in the Complaint.

First, they urge that Cadle was required to make a pre-suit demand on the iGate Board of Directors prior to filing derivative claims on behalf of the corporation. For the reasons set forth in the Memorandum Opinion entered this date addressing the motion to dismiss filed by Vernon L. Jackson, the court concludes that the Complaint sufficiently alleges the prerequisites to the filing of a derivative suit under Indiana law, and therefore this ground for dismissal is without merit.

Second, the Jefferson defendants contend that Cadle is precluded from asserting individual and derivative claims simultaneously, citing *Massey v. Merrill Lynch & Co., Inc.* 464 F.3d 642, 645-46 (7th Cir. 2006)(applying Indiana law)[1] in which the court stated:

> Indiana law adheres to the well-established corporate law principle "that shareholders of a corporation may not maintain actions at law in their own names to redress an injury to the corporation even if the value of their stock is impaired as a result of the injury." *Barth v. Barth*, 659 N.E.2d 559, 560 (Ind. 1995)(citing *Moll v. S. Cent. Solar Systems, Inc.*, 419 N.E.2d 154, 161 (Ind. 1981)); *Knauf Fiber Glass, GMBh v. Stein*, 622 N.E.2d 163, 165 (Ind. 1993); *Mid-State Fertilizer Co. v. Exchange Nat'l Bank of Chicago*, 877 F.2d 1333, 1335-37 (7th Cir. 1989)...That is, "[g]enerally speaking, the stockholders of a corporation for the purposes of litigation growing out of the relations between the corporation and a third person, surrender their personal or individual entities to the corporation in which they are stockholders." *Scott v. Anderson Newspapers, Inc.*, 477 N.E.2d 553, 563 (Ind.App.Ct. 1985). As a result, when a corporation suffers injury, either from corporate insiders or, as in this case, from a third party, it is the corporate entity– not the individual shareholders– who retains the cause of action. *Id.* As a result, any claims that belong to the corporation must be made derivatively (*ie.*, brought in the name and on behalf of the corporation), and any resulting recovery flows to the corporate coffers.

---

[1] Indiana law applies in the case at bar, as Indiana was the state of iGate, Inc.'s incorporation.

> In contrast, a shareholder may bring a direct action (*ie.*, an action on behalf of an individual or a class of shareholders) to vindicate rights that belong to shareholders. For instance, a shareholder can generally bring an action to enforce voting rights, compel dividends, prevent oppression or fraud against minority shareholders, inspect corporate books, or compel shareholder meetings. *See, e.g., Marcuccilli v. Ken Corp.*, 766 N.E.2d 444, 449 (Ind.App.Ct. 2002)...In addition, Indiana law allows a shareholder to bring a direct action when the shareholder has suffered a distinct personal injury that is different from the type experienced by the other shareholders. *Knauf*, 622 N.E.2d at 165...For instance, a shareholder may maintain a direct action against a third party who harmed a corporation if the shareholder had a separate contractual agreement with the third party or the corporation that exposed the shareholder to a unique harm, different than general diminution of share price, such as personal exposure on a loan guarantee. *See, e.g., Sacks*, 279 N.E.2d at 811-812; *Buschmann*, 405 F.2d at 662.

Cadle contends that his individual claims are viable because iGate is a closely-held corporation which gives rise to special duties among shareholders. However, Cadle asserts the same claims both on his own behalf and on behalf of the corporation and its shareholders. He has not alleged a unique harm to himself or distinguished any special duties from the claims brought on behalf of the corporation.

He contends in his brief that the alleged wrongful acts of the defendants breached a "duty of good faith, fair dealing, and full disclosure owed among shareholders in a closely-held corporation." DN 13, pp. 6-7. But the Complaint does not contain this allegation.

Cadle cites *Bova v. Gary*, 843 N.E.2d 952 (Ind.App. 2006) in support of his argument that iGate is closely-held and its shareholders are therefore subject to special duties. *Bova* is distinguishable on its facts from this case.

*Bova*, *supra.*, begins with the statement that, "for all intents and purposes, the company at issue is akin to a sole proprietorship because its only shareholder is so actively engaged in the daily operations that he is essentially the company's alter ego." 843 N.E.2d at 954.

Thus *Bova* is distinguishable at the outset from the case at bar, as Jackson is not the sole shareholder. Cadle, the shareholders Cadle seeks to represent, and allegedly some or all of the defendants also own shares of iGate stock. The court in *Gaerte v. Great Lakes Terminal & Transport Corp.*, 506 F.Supp.2d 271, 275-76 (N.D.Ind. 2007) noted that the *Bova* decision is constrained to a narrow set of facts:

> It is uncontested that plaintiff is the president of Gaerte Engines. However, plaintiff only owns 70% of his company...not 100%, like the plaintiff in *Bova*, 843 N.E.2d at 958-59 (noting the plaintiff is the "only shareholder" and "sole share"). Plaintiff notes that he is the "majority shareholder"...but that is far different from owning the entire company, because as president, he still owes a fiduciary duty to the minority shareholders. *See United States v. Bhagavan*, 116 F.3d 189, 193 (7th Cir. 1997)(party's "position as majority shareholder and president brought with it fiduciary duties to act in the interests of the minority shareholders.").

In sum, Cadle has not alleged facts which would support a theory that iGate is a closely-held corporation. Cadle has not alleged any unique injury. *See Massey, supra.; Marcuccilli, supra., Knauf, supra.* Therefore, to the extent that the claims are plead by Cadle individually, they will be dismissed.

The Jefferson defendants seek dismissal of Count III of the Complaint for failure to plead fraud with particularity, citing *Anderson v. Pine South Capital, LLC*, 177 F.Supp.2d 591 (W.D.Ky. 2001). The court finds that the case is inapposite.

The *Anderson* case involved numerous distinct claims by former employers of Pine South who alleged that they were induced to stay with the company during a period of financial difficulties by fraudulent promises that their wages and benefits would be paid. The court found that the Trustee failed to allege the time, place, and content of the misrepresentation, the fraudulent scheme, the intent of the defendants, and the resulting injury in bringing a claim for fraud. The court found

that there was, in fact, "no adequate indication that there was any misrepresentation at all." *Id.* at 602.

In this case, the Complaint alleges fraudulent concealment of the defendants' alleged theft and conversion of assets. The defendants seek dismissal of Count III under a proposed Draconian application of the principles in *Pine South.* The court finds, however, that Count III adequately alleges fraudulent concealment of the defendants' wrongdoing. The defendants are alleged to have engaged in this fraudulent scheme between January, 2001 and late 2005. Count III describes in detail what the defendants failed to disclose or affirmatively misrepresented, offering numerous material facts in nine specific wrongful acts enumerated in Count III, ¶ 52(a) - (i). The earlier factual allegations contained on pages 4 through 14 which describe the fraudulent scheme are also incorporated by reference into Count III. For example, the Complaint states, among other allegations, that between January 2001 and late 2005, Andrea Jefferson, through ANJ, knowingly submitted fraudulent invoices which Jackson paid with iGate funds without the explicit consent of iGate shareholders. DN 1, ¶ 21. Thus Count III satisfies the specificity requirement under Fed.R.Civ.P. 9(b). *Ackerman v. Northwest Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999)("The purpose (the defensible purpose, anyway) of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint."). The court concludes that the requisite particularity is present in the Complaint. Therefore, the motion to dismiss Count III will be denied.

Finally, the Jefferson defendants seek dismissal of Counts V and VI of the Complaint. Those claims allege violation of KRS 378.010 concerning as to whom fraudulent conveyances and

encumbrances are void (Count V); and KRS 378.020 addressing conveyances or encumbrances made without consideration (Count VI).

The Jefferson defendants contend that Cadle has not alleged facts to support the contention that Cadle and the other shareholders are creditors of iGate. Further, they assert that the Jefferson defendants are not the grantors of the conveyances at issue in Counts V and VI.

The court finds that under the *Twombly/Iqbal* standard, Counts V and VI fail to state a claim upon which relief can be granted. The complaint must plead facts which offer more than a sheer possibility that the defendants are liable under these claims. Paragraph 59 states that the "Defendants have conveyed, assigned, and transferred assets of iGate, with the intent to delay, defraud and hinder creditors" of iGate, "including, without limitation, Cadle, and the other shareholders of iGate and the corporation itself." Paragraph 64 states that "Cadle and/or the other shareholders of iGate were then existing creditors and/or shareholders of the Defendants and/or the transferor, iGate, through its CEO and President, Defendant Jackson." These are conclusory statements unsupported by any material facts. Cadle urges that we must take the statement that Cadle is a creditor as true for purposes of addressing this motion to dismiss. However, this is not a fact, but rather a conclusory statement as to Cadle's legal status as a creditor under the statutes cited. The court need not accept unsupported facts nor draw unwarranted legal conclusions from the facts alleged. *See, In re Appalachian Fuels*, *LLC*, Bankr. No. 09-10343, 2012 WL 4059909 (Bankr.E.D.Ky. Sept. 14, 2012)(in involuntary bankruptcy proceeding, "insiders" caused debtor to make maintenance payments on aircraft in which it had no ownership interest). Counts V and VI incorporate all prior paragraphs generally, but no specific allegations which would allow the court to find such claims facially plausible. For this reason, Counts V and VI will be dismissed.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

March 20, 2014

**Charles R. Simpson III, Senior Judge
United States District Court**