UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:07-CV-00070-RGJ-CHL

DANIEL C. CADLE, Individually and
Derivatively on Behalf of the Corporation
and the Shareholders of iGate, Inc.                                                          PLAINTIFF

v.

WILLIAM J. JEFFERSON; ANDREA G. JEFFERSON;
THE ANJ GROUP, LLC; VERNON L. JACKSON; and
JOHN DOES 1-100                                                                              DEFENDANTS

### MEMORANDUM OPINION & ORDER

Defendant William J. Jefferson's ("Jefferson") moves for reconsideration of the Court's previous order on his Motion for Relief from Judgment and Order. [DE 157]. Plaintiff responded. [DE 160]. No reply was filed and the time for doing so has passed. For the reasons below, the motion is **DENIED**.

### I.    BACKGROUND

The full facts and background are in the Court's previous orders [DE 132; DE 155] and are incorporated here. On July 14, 2017 the Court issued an order [DE 132-33] granting summary judgment as to three of Cadle's claims against Jefferson: aiding and abetting a breach of fiduciary duty, unjust enrichment, and civil conspiracy. In granting summary judgment on these three claims, the Court's summary judgment order [DE 132] relied on the facts in the record, Jefferson's concessions, and to different degrees on the preclusive effect of Jefferson's criminal convictions in Virginia.

After the Court's summary judgment order, the Eastern District for Virginia's ("Virginia District Court") granted in part Jefferson's 28 U.S.C. § 2255 petition, vacating some, but not all,

of Jefferson's convictions based on a change in the law to the definition of an "official act" in the criminal statute defining bribery of a public official. [DE 144-1; DE 144-2]; *United States v. Jefferson*, 289 F. Supp. 3d 717, 744 (E.D. Va. 2017). Jefferson's criminal conviction for conspiracy to violate the Foreign Corrupt Practices Act was not vacated by the Virginia District Court. [DE 144-1]. Jefferson then moved [DE 142] this Court to vacate the Court's previous summary judgment to the extent that it depended on the preclusive effect of Jefferson's criminal convictions that had since been vacated.

The Court vacated its summary judgment as to the claim for unjust enrichment against Jefferson. Cadle did not dispute that this claim should be vacated because of the Virginia District Court's ruling. [DE 144]. But the Court denied Jefferson's motion to vacate summary judgment as to the claim for aiding and abetting breach of fiduciary duty and civil conspiracy as those claims were unaffected by the vacating of some of Jefferson's criminal convictions. [DE 155]. The aiding and abetting claim "was not 'based on' Jefferson's now vacated convictions." [DE 155 at 2375]. Instead, the summary judgment, "relied on (1) Jefferson's failure to argue certain points, (2) evidence and application of the facts as espoused by Cadle, and (3) case law to find in favor of Cadle on his aiding and abetting a breach of fiduciary duty claim – not the principal of collateral estoppel." [DE 155 at 2375-80]. On the civil conspiracy claim, Rule 60(b)(5) was inapplicable "because one of the criminal convictions that was not vacated by the district court in Jefferson's criminal case, Count 1, served as the basis for summary judgment." [DE 155 at 2382].

Now Jefferson moves the Court to reconsider its order denying his motion to vacate summary judgment on the aiding and abetting breach of fiduciary duty and civil conspiracy claims. [DE 157-1]. Jefferson raises for the first time the Virginia District Court's March 27, 2019 opinion granting separate party and Defendant Vernon L. Jackson's ("Jackson") request for a writ of *coram*

*nobis* and vacating Jackson's convictions for bribery and conspiracy to bribe. [DE 157-2, EDVA Mar. 27, 2019 Order]. As with the Virginia District Court's vacating of some of Jefferson's convictions, Jackson's convictions for bribery and conspiracy to bribe by guilty plea were vacated because of the change in the law surrounding the definition of an "official act" in the criminal statute defining bribery of a public official. [DE 157-2 at 2402, 2410, 2418]. As with his previous motion, Jefferson argues Jackson's convictions means the summary judgment on these two claims, aiding and abetting breach of fiduciary duty and civil conspiracy, must be set aside and vacated. Jefferson argues that the granting of summary judgment on these claims relied on collateral estoppel[1] and Jackson's now vacated convictions.

## II. STANDARD

Jefferson cites no authority in support of his request for the Court to reconsider its order [DE 155]. Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from final judgment, order, or proceeding" for many reasons. The Court presumes, based on his arguments, that Jefferson moves again under Fed. R. Civ. P. 60(b)(5), which permits the Court to relieve a party from a final judgment if that judgment depends on an earlier judgment that has been reversed or vacated. As stated before, "[t]ypically, the 'based on' language from Rule 60(b)(5) applies when 'the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel.'" *Gillispie v. Warden, London Corr. Inst.*, 771

---

[1] Offensive use of issue preclusion, otherwise known as collateral estoppel, "occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979). "The doctrine has been regularly employed by courts to preclude the litigation of an issue in a civil action already addressed in an associated criminal case." *Westport Ins. Corp. v. Mudd*, No. 1:08-CV-00034-R, 2010 WL 4638760, at *3 (W.D. Ky. Nov. 5, 2010) (citations omitted). Courts apply a four-element test when determining whether a judgment can provide the basis for another judgment. *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589-90 (6th Cir. 2009) (citing *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987)).

F.3d 323, 327 (6th Cir. 2014) (quoting *Klein v. United States*, 880 F.2d 250, 258 n.10 (10th Cir. 1989)). "For a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision . . . ." *Lubben v. Selective Serv. Sys. Loc. Bd. No. 27*, 453 F.2d 645, 650 (1st Cir. 1972) (citations omitted).

Although Jefferson's motion mainly attacks application of collateral estoppel, to the extent his motion attacks Cadle's claims on evidentiary grounds and seeks to relitigate this Court's earlier ruling, his arguments fail. A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits and issues of a claim already decided. *Barnes v. Clinton*, 57 F. App'x 240, 241 (6th Cir. 2003); *see also O'Connell v. Miller*, 8 F. App'x 434, 435 (6th Cir. 2001) ("A Rule 60(b) motion must be denied if . . . it is merely an attempt to relitigate the case." (citing *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir. 1966))); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) ("A Rule 60(b) motion is not to be used as a substitute for appeal." (citing *Greenwood Expls., Ltd. v. Merit Gas & Oil Corp., Inc.*, 837 F.2d 423, 427 (10th Cir. 1988))). Thus the extent that Jefferson seeks to relitigate this Court's prior ruling, his arguments fail. *O'Connell*, 8 F. App'x at 435 (citation omitted).

### III.  DISCUSSION

The issue is whether this Court's decision to grant summary judgment on the aiding and abetting breach of fiduciary duty and civil conspiracy claims against Jefferson depended on separate party Jackson's now-vacated convictions. *Gillispie*, 771 F.3d at 327 (citation omitted). If Jackson's now-vacated convictions were "a necessary element of the [district court's] decision," the decision should be vacated. *Lubben*, 453 F.2d at 650 (citation omitted). The Court will address any impact of Jackson's vacated convictions on the aiding and abetting breach of fiduciary duty claim, and then the civil conspiracy claim.

4

A. Aiding and Abetting a Breach of Fiduciary Duty

As with Jefferson's vacated convictions, Jackson's vacated convictions do not change the Court's previous summary judgment on the aiding and abetting a breach of fiduciary duty claim against Jefferson. This is because collateral estoppel was not a necessary element of the decision and the judgment was not based on Jackson's vacated convictions. The Court, in finding no dispute of material fact as to the aiding and abetting breach of fiduciary duty claim against Jefferson, relied on (1) Jefferson's failure to argue or dispute certain points, (2) evidence and application of the facts put forth by Cadle, and (3) case law. As explained in more detail below, collateral estoppel was unnecessary to the Court's finding that Jackson breached his fiduciary duty, that Jefferson provided substantial assistance or encouragement to Jackson, or that Jefferson had subjective knowledge Jackson's actions were wrongful.

   a. *Jackson's Breach of Fiduciary Duty*

An underlying breach of fiduciary duty must be proven to show the first element of aiding and abetting a breach of fiduciary duty. *Miles Farm Supply, LLC v. Helena Chem. Co.*, 595 F.3d 663, 666 (6th Cir. 2010). "To state a claim for breach of fiduciary duty under Kentucky law, plaintiff must establish that the defendant owed a fiduciary duty, breached that duty, and that the breach caused damages." *Ivan Ware & Son, Inc. v. Delta Aliraq, Inc.*, 2016 WL 868840 at *5 (W.D. Ky. Mar. 7, 2016).

The Court found an underlying breach of fiduciary duty by Jackson because Jefferson did not dispute that Jackson owed a fiduciary duty to iGate or that he breached that duty. [DE 132 at 2092]. "[W]hen a party responds to some but not all arguments raised on a Motion for Summary Judgment, a court may fairly view the unacknowledged arguments as conceded." *Sykes v. Dudas*, 573 F. Supp. 2d 191, 202 (D.D.C. 2008) (citing *Hodes v. U.S. Dep't of Hous. & Urban Dev.*, 532

F. Supp. 2d 108, 117 (D.D.C. 2008)); *see also Ohio Start Transp. LLC v. Roadway Express, Inc.*, No. 2:09-cv-00261, 2010 WL 3666982, at *3 (S.D. Ohio, Sept. 14, 2010) (party who failed to respond to other party's argument "waiv[ed] its ability to challenge the argument and effectively conced[ed] the point"); *Crenshaw v. Portfolio Recovery Assocs., LLC*, 2020 WL 113358, at *3 n.4 (W.D. Ky. Jan. 9, 2020) (citations omitted) (recognizing that the Court has power to grant summary judgment for party where other party does not oppose it). Thus, Jackson's now-vacated conviction for bribery was not an essential element of the Court's decision in finding an underlying breach of fiduciary duty by Jackson.

  The Court did find in its analysis that collateral estoppel provided another basis for determining that Jackson breached his fiduciary duty. [DE 132 at 2093]. The Court stated that "it is apparent that Jackson paid bribes to Congressman Jefferson using iGate funds . . . [i]t was certainly against iGate's interest when Jackson used iGate funds for an illegal purpose. Thus, the Court finds that Jackson breached his duty when he paid bribes to Congressman Jefferson." *Id.* This was just another way to find Jackson breached his fiduciary duty and thus was unnecessary to the judgment. The Court had found Jackson breached his fiduciary duty before Jefferson waived this issue and could have ended it analysis of the issue there. *Sykes*, 573 F. Supp. 2d at 117.

  But even if Jefferson had disputed that Jackson breached his fiduciary duty, the Court could have found no issue of material fact existed as to Jackson's breach of fiduciary duty. This is because regardless of Jackson's vacated convictions, Jefferson's conviction under Count 1 of his Indictment remains, which the Virginia District Court recognized: "Jefferson attempted to bribe foreign officials on multiple occasions as part of the iGate scheme." *Jefferson*, 289 F. Supp. 3d at 735. Further, the Virginia District Court recognized in vacating Jackson's convictions: "to hold that defendant [Jackson] is not guilty of violating the bribery statute in these circumstances is not

6

to express approval of his conduct, which appears to be corrupt; defendant paid Jefferson, a Congressman, and his family large sums of money for the Congressman to exert his influence on behalf of defendant's business interests." [DE 157-2 at 2418]. So, this Court's characterization of Jackson breaching his fiduciary duty owed to iGate for paying Jefferson as still applies. In fact, the Virginia District Court made clear: "No one reading this opinion should conclude that Jefferson was innocent of crime; he was not innocent of crime." (Pl.'s Resp. Def.'s Mot. Amend Ex. 1, at 40); *Jefferson*, 289 F. Supp. 3d at 744. Likewise, in vacating Jackson's convictions, the Virginia District Court stated that "[n]or does this Memorandum Opinion hold that [Jackson] was factually innocent of crime altogether . . . nothing in this Memorandum Opinion should be read as deciding that other aspects of [Jackson's] activity did not constitute criminal conduct." [DE 157-2 at 2418].

Moreover, part of Jefferson's convictions and Jackson's convictions related to bribery were only vacated because Jefferson was not performing "official acts" in acceptance of those bribes under 18 U.S.C. § 201(a)(3), not because they were not bribery. *Jefferson*, F. Supp. 3d at 736-41. That Jackson's convictions have been vacated does not change this Court's characterization of Jackson's payments to Jefferson as bribes in the context of civil claims, particularly because of Jackson's testimony in Jefferson's criminal trial, which the Court examined in detail. [DE 132 at 2084-87]. Thus Jackson's payments to Jefferson could constitute breach Jackson's fiduciary duty owed to iGate even if Jackson's convictions have been vacated.

As to whether Jackson's breach of fiduciary duty caused damages, again, Jefferson disputed the extent of damages, but not that damage existed. [DE 132 at 2090]. The Court found based on evidence in the record—not Jefferson's criminal convictions or Jackson's criminal convictions—that "[a]s a result of the criminal prosecution of its chairman and CEO, iGate ceased

7

its operations, closed its headquarters in Louisville, Kentucky and furloughed all of its employees. That iGate is no longer a going concern as a result of Congressman Jeffferson's and Jackson's actions provides proof of damages to iGate." *Id.* It was the criminal prosecution itself, not the outcome in the criminal prosecution, that caused damages to iGate. [DE 132 at 2094]. Thus, that Jackson's criminal convictions have been vacated does not change that Jackson's breach of fiduciary duty damaged iGate. So the first element of Cadle's claim for aiding and abetting breach of fiduciary duty was satisfied without reliance on Jackson's conviction.

### b. Substantial Assistance or Encouragement

Providing substantial assistance or encouragement is the second element of aiding and abetting a breach of fiduciary duty. *Miles Farm Supply, LLC,* 595 F.3d at 666. The Court did not address Jackson's criminal convictions in analyzing whether Jefferson provided substantial assistance or encouragement to Jackson. [DE 132 at 2095]. Thus, Jackson's now vacated convictions were not a necessary element of the Court's analysis. Further, as with breach of fiduciary duty, Jefferson did not dispute that he provided substantial assistance or encouragement to Jackson on summary judgment. [DE 132 at 2094-95; DE 122]. This concession was enough for the Court to find substantial assistance even if collateral estoppel applied. *Sykes*, 573 F. Supp. 2d at 117. The Court did find collateral estoppel applied as to Jefferson's conviction under Count 16 as another basis, but that issue was disposed of in the Court's previous order. [DE 155].

### c. Subjective Knowledge of Jackson's Actions

Jefferson must have known that Jackson's conduct breached a fiduciary duty to satisfy the third element of aiding an betting a breach of fiduciary duty. *Miles Farm Supply, LLC,* 595 F.3d at 666. The Court stated that its decision on this element was not based on collateral estoppel, but that Cadle had shown there was no material dispute on this element based on evidence in the

8

record. [DE 132 at 2097]. The Court explained the evidence that supported Cadle's showing of this element in detail. [DE 132 at 2096-2100]. No element or part of this analysis depended on Jackson's now vacated convictions.

In sum, Jackson's convictions were not a necessary element of the Court's analysis of Cadle's aiding and abetting breach of fiduciary duty claim against Jefferson. It would not be appropriate for the Court to vacate its ruling because of Jackson's vacated convictions.

B. Civil Conspiracy

The Court's judgment on Cadle's civil conspiracy claim against Jefferson is unchanged by Jackson's now vacated convictions. Civil conspiracy has three elements: (1) a "corrupt or unlawful combination or agreement between two or more persons [,]" (2) an overt act in furtherance of that agreement, and (3) damages as a result of such overt act. [DE 132 at 2107]; *James v. Wilson*, 95 S.W.3d 875, 897 (Ky. App. 2002); *Montgomery v. Milam*, 910 S.W.2d 237, 239 (Ky. 1995). None of the three elements of civil conspiracy relied on Jackson's convictions.

The Court found that Jefferson's conviction on Count 1, conspiracy to violate the Foreign Corrupt Practices Act, was preclusive as to the first two elements. [DE 132 at 2107-10]. Jefferson's criminal Count 1 wa preclusive as to whether (1) Jefferson entered into an unlawful combination or agreement, and (2) an overt act was committed to advance that agreement. Jefferson's conviction for Count 1 was not vacated and is thus still entitled to reliance. [DE 155 at 2371-73].

Jefferson does not show how Jackson's now vacated convictions impacts Jefferson's conviction under Count 1. Jefferson argues that "[i]t is plain from the result of Jackson Coram Nobis decision [sic], that neither he nor I am guilty of the conspiracy alleged in Count 1 of my indictment, respecting which we both were found guilty." [DE 157 at 2383]. But the Virginia

District Court did not vacate Jefferson's conviction under Count 1, *Jefferson*, 289 F. Supp. 3d at 744. Count 1 of the Indictment charged Jefferson as follows:

> Beginning in or about January 2001 through in or about August 2005, within the Eastern District of Virginia and elsewhere, the defendant, WILLIAM J. JEFFERSON, did knowingly combine, conspire, confederate, and agree, together with Vernon L. Jackson, Brett M. Pfeffer, and others known and unknown to the grand jury . . . to commit the following offenses against the United States:
>
> . . .
>
> c. to willfully use the mails and any means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, and offer, gift, promise to give, and authorization of the giving of anything of value to any foreign officials for purposes of:  (i) influencing acts and decisions of such foreign officials in their official capacities; (ii) inducing such foreign officials to do and omit to do acts in violation of the lawful duty of such officials; (iii) securing any improper advantage; and (iv) inducing such foreign officials to use their influence with a foreign government and instrumentality thereof to affect and influence any act and decision of such government and instrumentality, in order to assist Defendant JEFFERSON and others in obtaining and retaining business for and with, and directing business to, any person, in violation of Title 15, United States Code, Section 78dd-2(a) [i.e., the FCPA].

[DE 113-19]. The Virginia District Court recognized that Jefferson's relationship with Jackson and iGate supported Jefferson's conviction under Count 1:  "Furthermore, the record overwhelmingly supports the FCPA conspiracy charge.  Jefferson attempted to bribe foreign officials on multiple occasions as part of the iGate scheme." *Jefferson*, 289 F. Supp. 3d at 735. And the Virginia District Court noted in vacating Jackson's convictions that Jefferson's habeas petition was denied on his conviction for conspiracy to violate the Foreign Corrupt Practices Act "because the trial evidence was sufficient to support those counts and because those counts were not infected by the improper bribery instruction." [DE 157-2 at 2402, n.4].

On the third element, damages, the Court found it satisfied by evidence in the record.  [DE 132 at 2109-10].  Jefferson also did not dispute the evidence on whether the overt act caused

10

damages to iGate. [DE 132 at 2110]. Jefferson fails to show how the evidence relied on by the Court and Jefferson's failure to refute that evidence are changed by Jackson's now vacated convictions.

In short, the Court did not rely on Jackson's convictions in finding that no material dispute of fact existed as to Cadle's claim for civil conspiracy against Jefferson. Because Jackson's now vacated convictions were unnecessary to the Court's analysis in granting summary judgment on that claim, it would not be appropriate for the Court to vacate its judgment on the civil conspiracy claim, and Jefferson's motion for reconsideration on the civil conspiracy claim is denied.

## IV.     CONCLUSION

For the reasons set forth above, it is **ORDERED** that Defendant's Motion for Reconsideration [DE 157] is **DENIED**.