UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DANIEL C. CADLE, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF THE CORPORATION AND THE SHAREHOLDERS OF IGATE, INC. | Plaintiff |
| v. | Civil Action No. 3:07-cv-70-RGJ |
| WILLIAM J. JEFFERSON, ANDREA G. JEFFERSON, THE ANJ GROUP, LLC, VERNON L. JACKSON AND JOHN DOES 1-100 | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Vernon L. Jackson ("Jackson") moves [DE 175] to set aside the judgment entered on July 14, 2017, [DE 133] granting Plaintiff Daniel Cadle's ("Cadle") (derivatively, on behalf of the shareholders of iGate) motion for summary judgment. Cadle responded [DE 177] and Jackson replied. [DE 178]. For the reasons below, the Court **DENIES** Jackson's Motion for Relief from Judgment. [DE 175].

**I.    BACKGROUND**

On May 3, 2006, Jackson pled guilty to bribing and conspiring to bribe former United States Congressman William Jennings Jefferson ("Jefferson") to perform "official acts" for the benefit of iGate, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 201(b)(l)(A). [DE 175 at 2537]. Jackson was sentenced on September 8, 2006, to sixty months of incarceration on the conspiracy count concurrent to 87 months on the bribery count. [*Id*. at 2538]. Jackson completed his sentence, including a two-year term of supervised release, on January 24, 2012. [*Id*.]. The current civil action arises from a 2007 complaint against Jackson and Jefferson alleging civil violations including a

civil conspiracy based on the prior criminal charges. On July 14, 2017, this Court entered judgment granting Plaintiff's motion for summary judgment on Counts II, IV, and VII. [DE 133]. Jackson himself was found liable under Count VII, civil conspiracy. [*Id.*]. In its order, the Court referenced a plea agreement Jackson entered on May 3, 2006, when ruling on issue preclusion in the civil conspiracy claim. [DE 132-2094].

Ten years after Jackson pled guilty the Supreme Court ruled on *McDonnell v. United States*, 579 U.S. 550 (2016). *McDonnell* held that an "official act" is a "decision or action [by a public official] on a 'question, matter, cause, suit, proceeding or controversy.'" *Id*. at 2371. In light of *McDonnell*, Jefferson filed a successful petition for habeas which was granted with respect to his bribery-related actions with Jackson. In response Jackson petitioned the District Court for the Eastern District of Virginia to vacate his bribery and conspiracy convictions which was granted on March 27, 2019. Now and nearly six years later on February 19, 2025, Jackson moves for relief from this Court's July 14, 2017, grant of summary judgment. [DE 175].

## II.    STANDARD

Rule 60(b)(5) states in part that "the court may relieve a party . . . from a[n] . . . order . . . [when] it is no longer equitable that the judgment should have prospective application." This rule "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental." *Horne v. Flores*, 557 U.S. 433, 453 (2009) (internal quotations omitted). Unlike Rule 60(b)(1)-(3) motions, which cannot be brought more than a year after an entry of judgment, Rule 60(b)(5) motions can "be made within a reasonable time" after the entry of the order. *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004).

2

Rule 60(c)(1) governs the time for filing a motion under Rule 60(b). Motions made under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(c)(1) speaks in plain terms: "All" Rule 60(b) motions "must be filed 'within a reasonable time.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting Fed. R. Civ. P. 60(c)(1)). The "reasonable time" clock governing grounds (4), (5), and (6) generally "begins ticking when the movant is or should be aware of the factual basis for the motion," *Ghaleb v. Am. Steamship Co.*, 770 F. App'x 249, 249 (6th Cir. 2019). What constitutes a reasonable time for a motion under Fed. R. Civ. P. 60(b) depends on the facts of each case. *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). This includes "the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). In the Sixth Circuit, timeliness alone can bar a motion brought under Fed. R. Civ. P 60(b). *In re Vista-Pro Auto., LLC,* 109 F.4th 438, 444 (6th Cir. 2024).

### III.    ANALYSIS

Jackson brought his motion under Rule 60(b)(5) and as such it must be filed within a "reasonable time," but not necessarily within one year of judgment. *Id*. at 443. Although the Court issued its judgment on the challenged order on July 14, 2017, the reasonable time to file Rule 60(b)(5) motion does not begin to run until the movant "is or should be aware of the factual basis for the motion." *Ghaleb*, 770 F. App'x at 249. Here Jackson became aware of the factual basis on March 27, 2019, when the Eastern District of Virginia vacated his bribery and conspiracy convictions. As such Jackson was required to file his Rule 60(b) motion within a reasonable period of time from this date. [DE 177 at 2555].

3

Jackson filed his Rule 60(b)(5) motion almost six years after his conviction in Virginia was vacated. The Sixth Circuit has at times accepted delays of up to two years. *See Olle*, 910 F.2d at 365 (citing cases deeming two-year delay reasonable). But delays of longer than two years are generally rejected. *Blachy v. Butcher*, 129 Fed. Appx. 173, 179 (6th Cir. 2005) (finding that a three-year delay did not satisfy the Rule's "reasonable time" limitation); *Suttles v. City of Chattanooga, Tenn.*, 886 F.2d 1316 (6th Cir. 1989) (rejecting a two-and-a-half-year delay as unreasonable); *United States v. Dailide*, 316 F.3d 611, 618 (6th Cir. 2003) (holding a four year long delay was untimely in a case challenging a revocation of citizenship). To this Court's knowledge the Sixth Circuit has never found a delay of almost six years as reasonable for a Rule 60(b) motion, and the length of the delay weighs heavily against a finding that Jackson's filing was reasonably timely.

Jackson has also failed to adequately justify how the circumstances of his near six-year delay satisfies the "reasonable time" requirement of a 60(b)(5) claim. The only argument Jackson presents that resembles a justification for this delay is a single sentence claiming that he "believed the Virginia Court rulings rendered this Court's Judgment as moot when it granted Defendant's Petition and thereby precluded further action in this case due to the adverse consequences of this Court's Judgment." [DE 175 at 256]. Not only is this argument devoid of any legal support, but it is also factually flawed as the record demonstrates that Jackson was aware that the Virginia Court's ruling did not preclude further action in this case. This case remained active for years after Jackson's conviction was vacated and Jackson was represented by counsel throughout this entire period. [DE 166 at 2472]. When Cadle moved to dismiss the remaining claims in this matter in April of 2021 he informed Jackson who, through counsel, stated that he had "no objection to the dismissal of the remaining claims." [*Id.*]. Continuing to engage in the litigation process and

4

explicitly acknowledging the continuation of this case defeats Jackson's claim that he thought further action was precluded or unnecessary.

The record further demonstrates that Jackson's claim of a lack of knowledge is unpersuasive as the proper procedure for challenging this Court's judgment was laid out for Jackson in 2017 in this very case. Jefferson, the other defendant in this case, moved for relief under rule 60(b)(5) from portions of the very order Jackson now challenges after Jefferson's own convictions were vacated. [DE 142]. Jackson fails to explain why he waited nearly six years to file his motion despite evidence on the record showing his knowledge of the vacated convictions, the clear continuation of this case, and the proper procedure for contesting this Court's prior judgment. In *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 75–76 (6th Cir. 2012), the Court held a delay of just two years was unreasonable when a defendant failed to properly justify the delay when the record clearly reflected the defendant had knowledge of the factual basis for the order to vacate. Given the similar circumstances at issue here, a delay of just under six years is unreasonable given Jackson's knowledge and prior opportunity to seek relief.

Finally, although a failure to appeal an issue does not bar a party from filing a Rule 60(b) motion on its own, it can be considered as part of the Courts analysis. The Sixth Circuit has noted on several occasions that a Rule 60(b) is "not a substitute for a timely appeal" and "Courts should not grant relief when the moving party has not been diligent in protecting its own rights by filing an appeal from an adverse judgment." *FHC Equities, LLC v. MBL Life Assur. Corp.*, 188 F.3d 678, 687 (6th Cir. 1999) (quoting *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465 at 471 (5th Cir. 1998)). Jackson was aware of the factual circumstances that led to this Rule 60(b)(5) motion before the final dismissal of this case in 2021, yet he chose not to appeal these issues appropriately

when he had the opportunity. Failing to timely appeal and diligently protect his own rights weighs against considering Jackson's heavily delayed Rule 60(b)(5) motion.

After weighing the circumstances of this case and Jackson's lack of justification, this Court cannot find Jackson's near six-year delay in filing a 60(b)(5) motion to be made in a reasonable time. *Olle*, 910 F.2d at 365. In the Sixth Circuit an unreasonable delay in filing alone is sufficient to defeat a Rule 60(b)(5) motion and the Court need not address any additional arguments in its ruling. *In re Vista-Pro Auto., LLC*, 109 F.4th at 444. Jackson's Motion for Relief from Judgment [DE 175] is **DENIED**.

## IV.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that Jackson's Motion for Relief from Judgment [DE 175] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

June 6, 2025